# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| PAIGE MITCHELL,              ) | |
|                              ) | Case No.  16-CV-4173 |
|       Plaintiff,             ) | |
|                              ) | |
| v.                           ) | **COMPLAINT** |
|                              ) | |
| TEMPOE, LLC d/b/a WHYNOT LEASING, LLC  ) | |
| and WHY NOT LEASE IT,        ) | |
|                              ) | **JURY DEMANDED** |
|       Defendant.             ) | |

Now comes the Plaintiff, PAIGE MITCHELL, by and through her attorney, and for her Complaint against the Defendant, TEMPOE, LLC d/b/a WHYNOT LEASING, LLC and WHY NOT LEASE IT, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m(g).

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this District, Defendant does or transacts business within this District, and a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4.     Plaintiff is an individual who was at all relevant times residing in Orion, Illinois.

5.       On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Illinois, and which has its principal place of business in Cincinnati, Ohio.

6.       Plaintiff is a "consumer" as defined in 15 U.S.C. § 1693a(6), as she is a natural person.

7.       Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

8.       Defendant is a "person" as defined in 47 U.S.C. § 153(39).

**FACTS COMMON TO ALL COUNTS**

9.       On or about March 7, 2014, Plaintiff entered into an agreement with Defendant for the lease of a television at Big Kmart Store number 4297, which is located at 5000 23rd Avenue, Moline, Illinois.

10.      Prior to May 20, 2016, Plaintiff paid for said television in full. Plaintiff is no longer indebted to Defendant for the television, she owns the television outright, and the lease agreement is null and void.

11.      On or about May 20, 2016, Plaintiff received a telephone call from a representative in Defendant's collection department, asking her why she was late on her payment which was due under a lease agreement.

12.      Plaintiff explained to Defendant's representative that the account she opened with Defendant in 2014 was paid in full.

13.      Defendant's representative advised Plaintiff that she allegedly owed a payment was for the purchase or lease of another television at a different Kmart store, located in Sweetwater, Tennessee. Defendant's representative further advised Plaintiff that said purchase or lease

occurred in April of 2016. It was at this point that Plaintiff realized she was the victim of an identity theft crime.

14. Plaintiff advised Defendant's representative that she did not purchase or lease a television at a Kmart store in Sweetwater, Tennessee in April of 2016. Defendant's representative referred Plaintiff to Defendant's Fraud Department.

15. Plaintiff made a report of identity theft to Defendant's Fraud Department, which was recorded as case number 1440398589.

16. At Defendant's request, Plaintiff filed a police report regarding this identity theft incident with the Henry County, Illinois Sheriff's Office on May 20, 2016.

17. Despite having been notified that Plaintiff was the victim of an identity theft crime, and that she did not purchase or lease a television at a Kmart store in Sweetwater, Tennessee, Defendant deducted $32.01 from Plaintiff's checking account on or about June 20, 2016.

18. On information and belief, Defendant made said transfer of funds as a payment towards the television which had been purchased or leased at the Kmart store in Sweetwater, Tennessee.

19. Plaintiff did not authorize Defendant to make said deduction from her checking account, either in writing or otherwise.

20. On or about May 19, 2016, Defendant began placing a high volume of automated telephone calls to Plaintiff's cellular telephone.

21. On information and belief, these automated telephone calls were made in attempts to collect a debt allegedly owed for the television which had been purchased or leased at the Kmart store in Sweetwater, Tennessee.

22. Because Plaintiff did not purchase or lease the television at the Kmart store in Sweetwater, Tennessee, she never provided her consent for Defendant to place these automated telephone calls to her cellular telephone.

23. Defendant placed at least fifty-eight (58) such automated telephone calls to Plaintiff's cellular telephone between May 19, 2016 and July 18, 2016.

24. In addition, Defendant sent at least five (5) automated text messages to Plaintiff's cellular telephone between June 17, 2016 and July 19, 2016.

25. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered and continues to suffer concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Loss of the funds wrongfully deducted from her checking account

    b. Invasion of privacy;

    c. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    d. Wasting Plaintiff's time;

    e. Risk of personal injury due to interruption and distraction when receiving unwanted automated telephone calls from Defendant;

    f. Depletion of Plaintiff's cellular telephone battery;

    g. The cost of electricity to recharge Plaintiff's cellular telephone battery; and

    h. Stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

26. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 25 above as if reiterated herein.

27. Defendant violated the EFTA by make an unauthorized transfer of funds from Plaintiff's checking account to Defendant's bank account.

28. As a result of Defendant's violations of the EFTA, 15 U.S.C. § 1693, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,000.00 for each and every such violation, pursuant to 15 U.S.C. § 1692m(a)(2)(A).

## COUNT II
## NEGLIGENT VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 25 above as if reiterated herein.

30. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

31. On information and belief, Defendant sent the text messages described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1).

32. On information and belief, Defendant routinely uses an automatic telephone dialing systems, and/or artificial and/or prerecorded voice messages, in the collection of debts in the ordinary course of its business.

33. Plaintiff did not give Defendant her express consent, invitation or permission to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

34. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

35. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

36. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

37. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss or $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

## COUNT III
## KNOWING AND WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 25 and 30 through 35 above as if reiterated herein.

39. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

40. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss or $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a result of Defendant's violations of the EFTA, pursuant to 15 U.S.C. § 1693m(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the EFTA, pursuant to 15 U.S.C. § 1692m(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    d.    Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    e.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    f.    Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    g.    Judgment against Defendant for Plaintiff's witness fees, court costs and other litigation costs;

    h.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3); and

    i.    Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

        RESPECTFULLY SUBMITTED,

        PAIGE MITCHELL

        By:   /s/ David B. Levin
                Attorney for Plaintiff

David B. Levin
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com